## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-4788 PSG (VBKx) | Date | June 7, 2012 |
|---|---|---|---|
| Title | Community Commerce Bank v. World Trade Industries, Inc., et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:    (In Chambers) Order REMANDING Case to State Court**

On May 31, 2012, Defendants World Trade Industries and Blue Moon Nights, Inc. (collectively "Defendants") filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff Community Commerce Bank ("Plaintiff"). *See* Dkt # 1. After reviewing Defendants' notice of removal and the underlying Complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 546, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

The well-pleaded complaint rule requires a federal question be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the Complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law, and does not present a federal question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-4788 PSG (VBKx) | Date | June 7, 2012 |
|---|---|---|---|
| Title | Community Commerce Bank v. World Trade Industries, Inc., et al. | | |

Defendants' notice of removal argues federal question jurisdiction is established in light of alleged due process violations caused by Plaintiff's defective notice of the action and the state court's failure to sustain Defendants' response to the Complaint. *See Not.* 2:10-18. Defendants further argue that federal question jurisdiction is established based on Defendants' response, which "depends on the determination of Defendants' rights and Plaintiff's duties under federal law." *Id.* 2:16-17. Defendants' contentions amount to an argument that federal question jurisdiction is established based on Defendants' defenses to the unlawful detainer action. This argument is contrary to law. Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, at *3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

There is also no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). Defendants' notice of removal does not establish the citizenship of the parties. Furthermore, the Complaint states the amount demanded does not exceed $10,000. *Compl.* at 1:18. This is far below the statutory requirement that the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Moreover, the Complaint only seeks damages in the amount of $166.67 per day from October 15, 2011 until delivery of possession to Plaintiff. *Compl.* ¶ 10. As of today, these damages would equal less than $40,000.00. Therefore, even with costs of suit, the amount in controversy requirement cannot be met.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction and REMANDS the case.

**IT IS SO ORDERED.**